# CIVIL PRACTICE STANDARDS

## MAGISTRATE JUDGE NINA Y. WANG
## UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

**1929 Stout Street, Courtroom 204**
**Email:  Wang_Chambers@cod.uscourts.gov**
**Telephone:  303.335.2600**

Effective:  June 19, 2015

## General Information

These Civil Practice Standards are intended to help clarify the procedures that I use when working on your cases, but they are not exhaustive. They are not intended to supersede either the Practice Standards of a presiding Article III District Judge, or the Local Rules of the District of Colorado. If you have questions, you may contact my Chambers at 303.335.2600 or my Courtroom Deputy, Brandy Simmons, at 303.335.2061. Please keep in mind, however, that my staff is not permitted to provide any type of legal advice, grant oral requests over the telephone, or provide information about the progress of any pending motion.

## Scheduling Conferences

Please plan on attending the Scheduling Conference in person if you are within the Denver metropolitan area, and be prepared to discuss the specific pretrial needs of your case. In addition to reviewing the proposed Scheduling Order, some typical issues that are covered during the Scheduling Conference include: (1) the basis for the schedule proposed, particularly if the discovery deadline is set beyond six months from the Scheduling Conference; (2) the scope of Electronic Stored Information ("ESI") anticipated; (3) the manner by which ESI will be exchanged; (4) the need for a Protective Order and/or ESI Protocol; (5) the status of any alternative dispute resolution ("ADR") attempts; and (6) any special issues facing the Parties.

Along with filing, please submit any proposed Scheduling Order, proposed Protective Order, and/or proposed ESI Protocol in Microsoft Word format directly to my Chambers.

If you are out of town and wish to attend the Scheduling Conference by telephone, you will need to file a Motion for Leave to Appear Telephonically at least three business days prior to the Scheduling Conference.

## Informal Discovery Procedure

This informal discovery procedure is applicable to any case for which I am the presiding judge by consent or for which I am the referral Magistrate Judge for purposes of pretrial proceedings including discovery, **EXCEPT** cases involving *pro se* prisoners.

*Before* filing any discovery motion, please contact my Chambers with all counsel representing Parties to the particular discovery dispute or the *pro se* party to set an informal discovery conference. I expect that before the Parties contact my Chambers requesting an informal discovery conference, the Parties will have met and conferred, either in person or by telephone, during which:

- The dispute to be presented to the court has been discussed in detail,
- Each Party has clearly stated its position and any position of compromise that is acceptable, and
- Each Party has identified the basis for its position.

*Written Discovery*.  If the dispute involves written discovery, **at least one day prior** to the informal discovery conference, the Parties must complete and submit the written discovery dispute chart in the following example form, with the most persuasive authority included:

| Issue | Moving Party's Position | Opposing Party's Position |
|---|---|---|
| Interrogatory No. 1 | Overly broad contention interrogatory. *Witt v. GC Servs. Ltd. Partnership*, -- F.R.D. --- (2014), Case No.13–cv–02834–RBJ–CBS, 2014 WL 6910500, *5 (D. Colo. Dec. 9, 2014). | Contention interrogatory is the appropriate vehicle and is less burdensome than a Rule 30(b)(6) deposition on this topic. *Teashot LLC v. Green Mountain Coffee Roasters, Inc.*, Case No. 12-cv-0189-WJM-KLM, 2014 WL 485876, *7 (D. Colo. Feb. 6, 2014). |

The moving party must submit the chart, the disputed discovery request, and the response to the disputed discovery request to my Chambers.  Should a formal discovery motion follow, the chart should also be included in any filing.

*Document Privilege Issues.*  Parties having issues related to the invocation of privilege are expected to have provided a privilege log with respect to the documents at issue that can be submitted to the court.  To the extent that a party contends that creating such a privilege log would be too onerous, the court expects that the party forwarding that position will be prepared to address the burden in specific terms during the informal discovery conference.

*Depositions.*  If a dispute arises at a deposition, the Parties still must meet and confer as to the issue as set forth above before contacting Chambers.  Parties who have disputes over the topics and/or scope of a Rule 30(b)(6) deposition, as written, are expected to raise such issues prior to the commencement of the Rule 30(b)(6) deposition.

If it becomes clear that the Parties have not had an adequate meet and confer, or that one Party is trying to use the informal discovery process as improper leverage, I may *sua sponte* terminate the informal discovery conference and may impose other sanctions if warranted.

The informal discovery conferences occur on the record.  I conduct these conferences on the record in hopes of avoiding further disputes over what occurred or how the court ruled or provided guidance during such conference.  Unless you advise my staff otherwise, you should expect that these informal discovery conferences will be limited to no more than 30 minutes.  You may order transcripts of these informal discovery conferences by contacting my Courtroom Deputy, Brandy Simmons.

### **Confidentiality and Restricting the Record**

I believe that public access to the courts is fundamental to our system of justice. While I recognize that some cases may involve information that must be restricted, I will not enter Protective Orders that require *per se* restriction based on designation under the Protective Order. Nor will I grant motions to restrict that do not specifically address the factors as set out by D.C.COLO.LCivR 7.2. Failure to comply with Local Rule 7.2 will result in the striking of the Motion to Restrict and may also result in public availability of the document(s) at issue. In addition, the court will rarely restrict court pleadings and papers, even if such documents refer to exhibits that are restricted.

### **Motions for Extension of Time**

When considering whether and when to file a Motion for Extension of Time, please consult the Practice Standards of the presiding Article III District Judge. I use their respective Standards in analyzing whether good cause has been shown to warrant an extension. To the extent that I am the presiding judge by consent, please file all motions for extension of time no later than one business day prior to the operative deadline, unless there is an extenuating circumstance. Should there be an extenuating circumstance, your Motion for Extension of Time should state it. Every Motion for Extension of Time should reflect how many other extensions have been granted in the case (regardless of which judicial officer granted such extension) and whether the requested extension will affect any other date currently set in the case.

### **Settlement Procedures**

If the case is set for either an Early Neutral Evaluation or Settlement Conference, a confidential statement must be submitted to my Chambers no later than five business days prior to the conference. In that confidential statement, you must identify a specific range that your client would be willing to accept or pay, and any other terms that are non-negotiable.

If you reach a resolution without court assistance, please advise our Chambers immediately if there are pending motions or hearings. Please note that previously set conferences or deadlines will not be vacated without the filing of dismissal papers, unless otherwise ordered by the court.